In re RIVEROAK INVESTMENT CORP., a Florida Corporation.

Minnie FISHER, Plaintiff,

v.

RIVEROAK INVESTMENT CORP., a Florida Corporation, Defendant.

Bankruptcy No. 80–00360–BKC–TCB. Adv. No. 80–0114–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

July 15, 1980.

William Manker, Miami, Fla., for debtor/defendant.

S. Alan Stanley, Coral Gables, Fla., for plaintiff.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks a modification of the automatic stay under 11 U.S.C. § 362 to proceed with its mortgage foreclosure which was pending a year before this chapter 11 bankruptcy was filed. (C.P. No. 1) The debtor has answered with a counterclaim that it

**2**

holds a second mortgage on the same property and that it wants to salvage its interest by reinstating plaintiff's mortgage and selling the property. (C.P. No. 4) The counterclaim is at issue (C.P. No. 4a) and plaintiff has moved to strike and dismiss portions of the debtor's pleadings. (C.P. No. 5) The matter was tried before me on July 3, 1980. This order is a memorandum of decision under B.R. 752(a).

The priority and validity of plaintiff's first lien is not disputed and plaintiff is presently owed about $123,000 together with fees and costs incurred to date in the foreclosure proceeding and in this proceeding. The improvements on the property, which are in need of repair, are presently uninsured. I find from the evidence before me that the current market value of the property does not exceed $90,000.

The debtor filed its petition three months ago on March 13, 1980. No plan has been presented and debtor's only evidence of ability to sell the property is a contract to pay $145,000 upon the condition that the buyer can assume plaintiff's mortgage, which bears only 8% interest. The buyer proposes to pay only $25,000 and to give the debtor a second mortgage at 12% interest for the balance of about $14,000.

■ It is clear that under some circumstances a chapter 11 plan may require a mortgagee to reinstate a defaulted mortgage despite the mortgagee's reluctance to do so and the mortgagee may be denied a vote on the plan because he is then deemed to be unimpaired by the plan. 11 U.S.C. § 1124(2). Such a plan may be confirmed by the court if the tests provided in § 1129 are met.

■ I do not believe, however, that the Code contemplates the involuntary reinstatement of a mortgage which was in default for non-payment for more than a year before bankruptcy without the debtor tendering promptly the present cash equivalent of the mortgagee's loss resulting from the breach of the mortgage contract. The mortgagee should recover the full amount of the defaulted payments together with interest on those defaulted payments at the current interest rate rather than the con-

tract rate, which throughout the period of this default has been substantially below the prevailing interest rates. No mortgagee should be required to surrender his election to accelerate the mortgage, after default, without such compensation or without an agreement to adjust the interest to the current level. Any other conclusions would deprive the mortgagee of a valuable legal right without any compensation and Congress does not have that right and, therefore, cannot be presumed to have intended that result.

■ The debtor's present circumstances, as related above convince me that it has no equity in this property and has no plausible prospect of adequately curing this default. Debtor's counterclaim is dismissed.

Plaintiff has carried its burden on the issue of the debtor's equity, as is required by § 362(g)(1), and the debtor has failed to carry its burden on proof of the remaining issues. It follows that plaintiff is entitled to an order modifying the automatic stay in order that it may proceed with its mortgage foreclosure. As is required by B.R. 921(a), a separate judgment will be entered to that effect. Costs, if any, will be taxed on motion.